**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4948**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

   v.

JOHN RICHARD ELINSKI,

      Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:14-cr-00431-LMB-1)

Submitted: June 16, 2021                     Decided: July 13, 2021

Before DIAZ, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Caroline S. Platt, Appellate Attorney, Shannon S. Quill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. William G. Clayman, Aiden Taft Grano, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Richard Elinski appeals the district court's order modifying the conditions of Elinski's supervised release upon his probation officer's petition. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court abused its discretion when it modified Elinski's conditions of release without a sufficient explanation. Elinski did not file a pro se supplemental brief despite notice of his right to do so. For the following reasons, we affirm.

"District courts have broad latitude to impose conditions on supervised release," which we review for abuse of discretion only. *United States v. Armel*, 585 F.3d 182, 186 (4th Cir. 2009) (internal quotation marks omitted). "[T]he sentencing court may impose any . . . condition it considers to be appropriate, as long as that condition is 'reasonably related' to statutory factors referred to in [18 U.S.C.] § 3583(d)(1)" including "providing the defendant with training, medical care, or treatment." *United States v. Dotson*, 324 F.3d 256, 260 (4th Cir. 2003) (internal quotation marks omitted). A district court may modify, reduce, or enlarge the conditions of supervised release at any time prior to the expiration or termination of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3583(e)(2). "Before modifying the conditions of probation or supervised release, [however,] the court must hold a hearing at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(c)(1).

Our review of the record leads us to conclude that the district court did not abuse its discretion when it clarified that, as part of the first special condition requiring Elinski to

2

undergo mental heath treatment, Elinski must submit to polygraph testing as required by the treatment provider or the probation officer.

We have previously upheld the use of the polygraph test in connection with a defendant's treatment as a reasonable special condition of supervised release when convicted of child pornography. *Dotson*, 324 F.3d at 260. In this case, the district court held a hearing prior to modifying the terms of Elinski's supervised release, Elinski was represented by counsel at the hearing, and counsel presented information on behalf of Elinski. The court explained the purposes of and need for the polygraph requirement as part of mental health testing and evaluation. We therefore conclude the court did not abuse its discretion and affirm the district court's judgment. In accordance with *Anders*, we have identified no potentially meritorious issues.

This court requires that counsel inform Elinski, in writing, of the right to petition the Supreme Court of the United States for further review. If Elinski requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Elinski. We dispense with oral arguments because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*